# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY PIERRE JAMISON,<br><br>   Petitioner,<br><br>   v.<br><br>KINGS COUNTY SHERIFF and KINGS COUNTY SUPERIOR COURT,<br><br>   Respondents. | Case No. 1:14-cv-00983-SMS<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES<br><br>(Doc. 1) |

**SCREENING ORDER**

Petitioner Perry Pierre Jamison is a state prisoner confined in the Kings County Jail proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed his federal petition for writ of habeas corpus in the U.S. District Court for the Eastern District of California on June 23, 2014.

DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing

///

1

§ 2254 Cases; *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases.

A prisoner who is in state custody and wished to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). "The exhaustion doctrine is principally designed to protest the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. at 518.

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829-30 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's legal and factual basis. *Duncan*, 513 U.S. at 365.

In addition, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66; *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998). "If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan*, 513 U.S. at 365-66.

In this case, the petition for a writ of habeas corpus indicates that Petitioner presented his grounds to the Kings County Superior Court, but not to any higher California court. If Petitioner has not pursued his claims to the California Supreme Court, the Court must dismiss this petition. 28

U.S.C. § 2254(b)(1).  Since it is possible that Petitioner has presented his claims to the California Supreme Court but has not disclosed that on his petition, this Court will give Petitioner the opportunity to amend his petition to disclose fully the litigation of his claims in state court. Petitioner must inform the Court if his claims were presented to the California Supreme Court, attaching, if possible, copies of the petition filed in the California Supreme Court and of any ruling or decision of the California Supreme Court.

### ORDER

Accordingly, the Court hereby ORDERS PETITIONER TO SHOW CAUSE why the petition should not be dismissed for failure to exhaust state remedies.  Petitioner shall inform the Court within thirty (30) days of service of this order whether his claims have been presented to the California Supreme Court.  Failure to follow this order will result in dismissal of the petition for failure to prosecute.

IT IS SO ORDERED.

Dated:   **July 30, 2014**              **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE

3